## HENRY McGEE v. THE STATE.

*No. 7397. Decided June 10.*

**Evidence—Convict as Witness—Conditional Pardon.**—The competency of a convicted felon to testify as a witness is not restored by a conditional pardon.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

The conviction is for murder in the first degree with the penalty assessed at death.

The opinion states the case as to the question decided.

*Oliver & Oliver,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—During the trial of this cause one Dan Goins was placed on the witness stand and testified for the State to the confessions of the appellant. On the cross-examination of this witness the appellant ascertained that he had been convicted of a felony in this State. To meet this the State offered a pardon granted the witness by the Hon. John Ireland, Governor of Texas. The pardon contained the following provision or condition: "Subject to revocation by the Governor of Texas whenever it shall be deemed by said Governor that he has violated any of the criminal laws of the State." Appellant,

through his counsel, asked that the testimony of the witness be excluded from the jury and they be instructed to disregard the same. This the court refused to do, and in refusing to do so erred.

The effect of a conditional pardon was fully considered by this court in Carr's case, 19 Texas Court of Appeals, 635, *et seq.*, and it was there held such pardon did not restore the holder thereof and grantee therein to his competency as a witness. See also Dudley v. The State, 24 Texas Court of Appeals, 163. The testimony should have been excluded from the jury.

For the error of the court in not excluding the evidence of the witness Goins the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.